## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JEFFREY W. HOLTON**,

     Plaintiff,

v.                               Case No: 8:25-cv-1546-WFJ-CPT

**NICHOLAS A. SUDZINA,** in his individual and official capacities, **KIMBERLY JENKINS,** in her official and individual capacities, **STEPHANIE SULLIVAN,** in her official and individual capacities, **JOHN DOES 1-X (GENERAL COUNSEL),** in their official and individual capacities, **and JOHN DOES Y-Z (IT DEPARTMENT)**, in their official and individual capacities,

     Defendants.

_____/

## <u>ORDER</u>

Before the Court is the United States Magistrate Judge Christopher Tuite's Report and Recommendation that Plaintiff Jeffrey Holton's motion to proceed *in forma pauperis* (Dkt. 24) be denied and Plaintiff's *pro se* Amended Complaint (Dkt. 22) be dismissed. Dkt. 30. The time for filing objections has passed.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After an independent review, the district court may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).

Plaintiff raises two main objections to the Report and Recommendation. *See* Dkt. 31. First, Plaintiff argues the Magistrate Judge erred in finding that Defendants Jenkins and Sudzina are entitled to quasi-judicial immunity for their challenged conduct described in Counts I, II, VI, and VII. *Id.* at 1–6. Second, Plaintiff contends that the Magistrate Judge "misfram[ed]" Plaintiff's 42 U.S.C. § 1983 First Amendment retaliation claim when dismissing Counts III and V. *Id.* at 7–8. However, the Court finds that the Magistrate Judge correctly determined that Defendants Jenkins and Sudzina are entitled to quasi-judicial immunity for any allegedly improper acts related to scheduling court dates, and that the Amended Complaint fails to state a claim under § 1983. The Court will address each objection in turn.

The Magistrate Judge, in a thorough and well-reasoned analysis, found that the alleged conduct by Defendants Jenkins and Sudzina—as it relates to scheduling setting hearings only with opposing counsel's consent, scheduling a proceeding

without adequately conferring with Plaintiff, and participating in discussions with opposing counsel about hearing dates—are all "fairly viewed as quasi-judicial in nature and thus fall within the ambit of the doctrine of quasi-judicial immunity." Dkt. 30 at 8. The Court agrees. "Quasi-judicial immunity grants protection from suit to officials who are intimately associated with the judicial phase of the criminal process." *Washington v. Rivera*, 939 F.3d 1239, 1243 (11th Cir. 2019) (citation modified). The Court "determine[s] whether a government employee deserves quasi-judicial immunity through an analysis of that employee's functions, and not the status of the defendant." *Id.* (citation modified) The Court should "not look to rank, title, or location within the government, but rather examine the nature of the responsibilities of the individual official to determine whether the official was exercising a sufficiently judicial function." *Id.* (citation modified).

Here, the factual allegations in Plaintiff's *pro se* Amended Complaint, liberally construed and taken as true, all concern a judicial assistant's function as a secretary managing state Judge Gerald P. Hill's case management schedule by setting hearing dates and communicating with counsel concerning said dates. *See* Dkt. 22 at 3–6. Similar to the Magistrate Judge's findings, this Court has little trouble concluding that a judicial assistant's function in scheduling hearings and communicating with counsel about scheduling matters has an "integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)

(citation modified). Indeed, the duties of a "judicial assistant to a judge [are] an integral part of chambers[,] and [J]udge [Hill] is the sole and direct supervisor of [Defendant Jenkins'] work. It is the expectation of any judge or party that such a close employee of his staff be also clothed with the same immunity with respect to any judicial acts." *In re Lickman*, 304 B.R. 897, 904 (Bankr. M.D. Fla. 2004); *see also Nicholson v. Colbert*, No. CV424-067, 2024 WL 4800216, at *4 (S.D. Ga. Nov. 15, 2024), *report and recommendation adopted*, No. 4:24-CV-67, 2025 WL 73261 (S.D. Ga. Jan. 10, 2025) (finding that a judicial assistant was entitled to quasi-judicial immunity when informing a litigant about an upcoming hearing); *Gaston v. Lake Cnty.*, 2023 WL 9287506, at *7 (M.D. Fla. Jan. 4, 2023) (finding that a clerk of court was absolutely immune for "decisions related to scheduling hearings and providing [c]lerk-generated forms," as these responsibilities were "directly related to the judicial process"); *Reitmire v. Fla. Atty's Gen.*, 2008 WL 341439, at *3 (M.D. Fla. Feb. 5, 2008) (deeming a clerk of court to be shielded under the doctrine of quasi-judicial immunity for alleged constitutional violations "stemming from the amount of time the judge required to rule on a matter[] and the court's denial of certain motions"). To the extent Plaintiff's Amended Complaint alleges Defendant Jenkins' scheduling duties or Defendant Sudzina's scheduling practices were in bad faith or malicious, such allegations do not overcome judicial immunity. *See Hyland v. Kolhage,* 267 F. App'x 836, 839–40 (11th Cir. 2008) ("[J]udicial immunity is not

overcome by allegations of bad faith or malice."). Because Defendants Jenkins and Sudzina are entitled to quasi-judicial immunity for their challenged conduct described in Counts I, II, VI, and VII, the Court agrees with the dismissal of those counts.

Next, Plaintiff challenges the dismissal of his § 1983 First Amendment retaliation claim in Counts III and V. Dkt. 31 at 7–8. The Magistrate Judge correctly concluded that Plaintiff's "First Amendment retaliation claim against Mr. Sudzina, Ms. Sullivan, and the Doe Defendants is predicated on their purportedly deficient handling of his public records request." Dkt. 30 at 10. Plaintiff claims that this is a "misframing" of his Amended Complaint. Dkt. 31 at 7. Yet, a review of the Amended Complaint shows that the Magistrate Judge is correct, as Plaintiff alleges his protected speech under the First Amendment is the "protected petitioning" for public documents pursuant to Florida's Public Records Act, Fla. Stat. § 119.01(1). Dkt. 22 ¶¶ 41, 56; *see also id.* ¶¶ 16–17. Because Plaintiff's First Amendment retaliation claim is based on an alleged state law violation, the Court agrees with the Magistrate Judge's conclusion that any alleged violation of Florida's public records law does not give rise to a claim that is cognizable in federal court because it fails to implicate a federal right. Dkt. 30 at 10 (collecting cases). Indeed, "Section 1983 of Title 42, United States Code, creates a private right of action to remedy violations of rights, privileges, or immunities secured by the Constitution and laws of the

United States," *Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016) (citation modified), and any violation of a non-federal law is not cognizable under § 1983. *See Viera v. City of Lake Worth, Fla.*, 853 F. App'x 356, 360 (11th Cir. 2021) ("Florida's Public Records act does not provide a legal basis for the [plaintiff's] § 1983 claim."); *Canova v. Snipes*, No. 20-CV-61328, 2021 WL 2652699, at *5 (S.D. Fla. May 4, 2021) ("[Section] 1983 allows a plaintiff to pursue a remedy for a violation of a federal—not state—right."). Therefore, the Magistrate Judge properly dismissed Counts III and V against Defendants Sudzina, Sullivan, and the Doe Defendants.

Additionally, the Court agrees with the Magistrate Judge's findings that Plaintiff's separate count for declaratory and injunctive relief is "infirm" and due to be dismissed. Dkt. 30 at 11. Declaratory judgments and injunctions are not causes of action. Instead, they are *remedies* tied to some other cause of action. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (citation modified) ("There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed.R.Civ.P. 12(b)(6) (failure to state a claim)."); *Kornegay v. Beretta USA Corp.*, 614 F. Supp. 3d 1029, 1037 (N.D. Ala. 2022) ("Declaratory judgments and injunctions are not causes of action but, rather, are remedies tied to some other cause of action."). Nor

is the Amended Complaint's reference to *Ex parte Young*, 209 U.S. 123 (1908) an adequate cause of action. *See* Dkt. 22 at 18. The *Ex parte Young* doctrine "is a long and well-recognized exception to [the Eleventh Amendment immunity] rule for suits against state officers seeking prospective equitable relief to end continuing violations of federal law[,]" not an independent cause of action. *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). Plaintiff's failure to adequately plead a substantive provision of state or federal law for which he seeks declaratory and injunctive relief is grounds to dismiss Count IV.

## CONCLUSION

The Eleventh Circuit is clear that this Court must give a *pro se* plaintiff, like Plaintiff Holton, "at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Plaintiff may make one last attempt at stating a claim under § 1983. However, the Court warns that any subsequent complaint that fails to state a claim will be dismissed with prejudice. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019); *Woldeab*, 885 F.3d at 1291.

Having performed a *de novo* and independent review of the file, and for the sound reasons explained in the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** that:

1.  The Report and Recommendation, Dkt. 30, is **ADOPTED, CONFIRMED,** and **APPROVED** in all respects and made a part of this order.

    a.  Plaintiff Holton's objections, Dkt. 31, are **OVERRULED.**

2.  The Court **DENIES** Plaintiff Holton's motion to proceed *in forma pauperis*. Dkt. 24.

3.  The Court **DISMISSES** Plaintiff Holton's amended complaint without prejudice. Dkt. 22.

    a.  The Court **GRANTS** Plaintiff Holton leave to file, within **twenty-one (21) days** of the Court's Order, a second amended complaint that sufficiently pleads a cognizable cause of action over which the Court has jurisdiction. The Court also cautions Plaintiff Holton that a failure to abide by this directive may result in the dismissal of his case with prejudice without notice.

**DONE** and **ORDERED** in Tampa, Florida, on January 5, 2026.

       s/*William F. Jung*
       **WILLIAM F. JUNG**
       **UNITED STATES DISTRICT JUDGE**

**Copies furnished to**:
Plaintiff, *pro se*